# COMPOSITE EXHIBIT "A"



# CASE NUMBER: 50-2020-CA-013502-XXXX-MB
# CASE STYLE: CASTRO, ENRIQUE C V TPUSA FHCS INC

Dockets & Documents ▼

Public = 📄                                          VOR = 🔒                              In Process = ⏲
                                                                                       Page Size: 25 ▼

| Docket Number | Effective Date | Description |
|---|---|---|
| 2 | 12/07/2020 | CIVIL COVER SHEET |
| 3 | 12/07/2020 | COMPLAINT |
| 4 | 12/07/2020 | SUMMONS ISSUED |
| 1 | 12/09/2020 | DIVISION ASSIGNMENT |
| 5 | 12/09/2020 | PAID $411.00 ON RECEIPT 3838359 |
| 6 | 12/30/2020 | MOTION FOR EXTENSION OF TIME |
| 7 | 01/04/2021 | AGREED ORDER H COATES DTD. 1/4/21 GRANTING DEFTS UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND |

Filing # 117757391 E-Filed 12/07/2020 01:44:04 PM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

    **I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>Enrique C Castro</u>
Plaintiff                                                                                      Case # _____
                                                                                               Judge  _____

vs.

<u>TPUSA FHCS Inc</u>
Defendant

    **II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☒ $75,001 - $100,000
- ☐ over $100,000.00

    **III.   TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

  2

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jason S Remer          Fla. Bar # 165580
      Attorney or party                 (Bar # if attorney)

Jason S Remer          12/07/2020
(type or print name)          Date

Filing # 117757391 E-Filed 12/07/2020 01:44:04 PM

                                          IN THE CIRCUIT COURT OF THE 15th
                                          JUDICIAL CIRCUIT, IN AND FOR PALM
                                          BEACH COUNTY, FLORIDA

ENRIQUE C. CASTRO,                      GENERAL JURISDICTION DIVISION

        Plaintiff,                                    CASE No.:

v.

TPUSA-FHCS, INC.,

        Defendant.

_____/

## COMPLAINT

Plaintiff, ENRIQUE C. CASTRO ("Plaintiff"), on behalf of herself by and through undersigned counsel, files this Complaint against Defendant, TPUSA-FHCS, INC. (referred to as "Defendant") and states as follows:

### JURISDICTION AND VENUE

1. This action seeks damages as a result of discrimination and retaliation predicated on Plaintiff's disability and retaliation in violation of the Florida Civil Rights Act, §760.01, et seq., Florida Statutes (hereinafter the "FCRA").

2. The jurisdiction of the Court over this controversy is based upon the FCRA.

3. Plaintiff is a covered employee for purposes of the FCRA.

4. Defendant is authorized to conduct business in Palm Beach County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in Palm Beach County because all of the actions that form the basis of this Complaint occurred within Palm Beach County, the discriminatory acts took place in Palm Beach County, and damages exceed $30,000.

6. As more fully set forth below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming discrimination. *See* Exhibit A.

7. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff, a deaf male with other disabilities, was employed with Defendant on and offer from 2011 until March of 2019 as technical support.

9. Plaintiff was subjected to disparate treatment based on his disability and/or perceived disability by Defendant through its supervisors.

10. Plaintiff claims the employees without a disability or requests for accommodations received preferential treatment from Plaintiff's supervisor.

11. Plaintiff worked for Defendant in Dallas, Texas until around October 2018 when Plaintiff attempted to transfer to another location in Boca Raton, Florida.

12. From on or about on November 2018 through March of 2019, Plaintiff attempted to gain access to a position with Defendant at the Boca Raton, Florida location but Defendant would not hire Plaintiff based on its knowledge of Plaintiff's disability and need for specialized equipment for hearing and Plaintiff's other health issues and requests for accommodations.

13. Plaintiff's prior supervisor Stephen Potasky knew Plaintiff was deaf and had other disabilities requiring expensive hearing equipment and the need to accommodate Plaintiff to amplify speech. Stephen Potasky was the supervisor in the Boca Raton location.

14. Plaintiff was not treated the same as other applicants for the positions in Boca Raton based on this supervisor's knowledge and discrimination.

15. Defendant failed to rehire Plaintiff at the Boca Raton location based on his disabilities and would not agree to accommodate him in taking and/or retaking an exam for the position.

16. Plaintiff had worked for Defendant for years and had the qualifications and certifications necessary for the position but Defendant denied employment based on discrimination for his disability.

17. Plaintiff complained to manager Mathew Bartek about discrimination and Defendant retaliated against Plaintiff by not re-hiring him in March of 2019.

18. Any reason proffered by Defendant for the adverse employment action is mere pretext for unlawful discrimination and retaliation.

## COUNT I

### *DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA*

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

20. Plaintiff is a member of a protected class under the FCRA.

21. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability -based animosity.

22. Such discrimination was based upon the Plaintiff's disability or perceived disability.

23. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's Race unlawful but acted in reckless disregard of the law.

NOT A CERTIFIED COPY

24. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

25. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

26. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

27. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

28. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

29. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FCRA, and has done so

willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *RETALIATION IN VIOLATION OF THE FCRA*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this Complaint as if set out in full herein.

31. Defendant is an employer as that term is used under the applicable statutes referenced above.

32. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under the FCRA.

33. The foregoing unlawful actions by Defendant were purposeful.

34. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation thereafter, as related in part above.

35. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

36. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

37. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury; and

K. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated November 20, 2020                                Respectfully submitted,

/s/ Jason S. Remer
**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Filing # 117757391 E-Filed 12/07/2020 01:44:04 PM

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA

ENRIQUE C. CASTRO,   GENERAL JURISDICTION DIVISION

    Plaintiff,   CASE No.:

v.

TPUSA-FHCS, INC.,

    Defendant.
_____/

**SUMMONS IN A CIVIL CASE**

TO:  TPUSA-FHCS, INC.  through its Registered Agent:

C T Corporation System
1200 South Pine Island Road
Plantation, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve on

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Sharon R. Bock                                   Dec 09 2020
CLERK                                             DATE

*Sara Provenzano*
(BY) DEPUTY CLERK

Sara Provenzano





**SHARON R. BOCK**

CLERK & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

**RECEIPT**
3838359

Printed On:
12/09/2020 02:11
Page 1 of 1

| Receipt Number: 3838359 - Date 12/09/2020  Time 2:11PM |||||
|---|---|---|---|---|
| **Received of:** | Jason S Remer<br>44 W Flagler St<br>Miami, FL 33131 ||||
| **Cashier Name:** | ADMIN | | **Balance Owed:** | 411.00 |
| **Cashier Location:** | E-Filing | | **Total Amount Paid:** | 411.00 |
| **Receipt ID:** | 10155520 | | **Remaining Balance:** | 0.00 |
| **Division:** | AN: Circuit Civil Central - AN(Civil) ||||
| **Case# 50-2020-CA-013502-XXXX-MB -- PLAINTIFF/PETITIONER: CASTRO, ENRIQUE C** |||||
| Item | | Balance | Paid | Bal Remaining |
| Fees | | 411.00 | 411.00 | 0.00 |
| **Case Total** | | **411.00** | **411.00** | **0.00** |
| **Payments** |||||
| **Type** | | **Ref#** | | **Amount** |
| EFiling_ACH | | 29807648 | | 411.00 |
| **Total Received** | | | | 411.00 |
| **Total Paid** | | | | 411.00 |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.



IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50-2020-CA-013502-XXXX-MB

ENRIQUE C. CASTRO,

    Plaintiff,

v.

TPUSA-FHCS, INC.,

    Defendant.

_____/

**DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

Defendant, TPUSA-FHCS, Inc. ("TPUSA-FHCS"), through its undersigned counsel, respectfully moves this Court to enter the Agreed Order granting TPUSA-FHCS an enlargement of time to respond to Plaintiff's Complaint, through and including January 25, 2021, and in support states:

1. On December 7, 2020, Plaintiff filed a Complaint alleging disability discrimination and retaliation under the Florida Civil Rights Act, Section 760.10, Florida Statues.

2. TPUSA-FHCS was served with the Complaint on December 14, 2020.

3. TPUSA-FHCS's deadline to respond to the Complaint is January 4, 2021.

4. TPUSA-FHCS recently retained the undersigned counsel in connection with this lawsuit, and requires additional time to investigate the allegations in the Complaint in order to prepare a thorough and appropriate response.

1

5. Accordingly, TPUSA-FHCS respectfully requests a three (3) week enlargement of time, through and including Monday, January 25, 2021, in which to respond to Plaintiff's Complaint.

6. TPUSA-FHCS's counsel conferred with Plaintiff's counsel by email on December 29, 2020 regarding the relief requested herein. Plaintiff's counsel is in agreement with the requested enlargement of time.

7. This Motion is made in good faith and is not being interposed for purposes of delay. Neither Plaintiff nor the Court will be prejudiced by the requested enlargement of time. Conversely, TPUSA-FHCS would be substantially prejudiced if it is not given the opportunity to prepare a thorough and complete response to Plaintiff's Complaint.

WHEREFORE, Defendant, TPUSA-FHCS, Inc., respectfully requests that this Court enter the Agreed Order granting TPUSA-FHCS a three (3) week enlargement of time, through and including Monday, January 25, 2021, in which to respond to Plaintiff's Complaint.

Dated: December 30, 2020

Respectfully submitted,

*/s/ Eric A. Gordon*
Eric A. Gordon (Florida Bar No. 071341)
Primary Email: eric.gordon@akerman.com
Secondary Email: michelle.reynolds@akerman.com
Tiffany D. Hendricks (Florida Bar No. 124129)
Primary Email: tiffany.hendricks@akerman.com
Secondary Email: jill.parnes@akerman.com
AKERMAN LLP
777 South Flagler Drive, Ste. 1100 West Tower
West Palm Beach, FL  33401
Phone: (561) 653-5000
Fax:     (561) 659-6313

*Attorneys for Defendant*

2

55876992;1

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2020 a true and correct copy of the foregoing was served via the Florida Court's E-Portal on all counsel as listed on the following Service List.

/s/ *Eric A. Gordon*
Eric A. Gordon

3

55876992;1

**SERVICE LIST**

Jason S. Remer, Esq.
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Tel: (305) 416-5000
Fax: (305) 416-5005
Primary Email: jremer@rgpattorneys.com

*Attorney for Plaintiff*

Eric A. Gordon (Florida Bar No. 071341)
Primary Email: eric.gordon@akerman.com
Secondary Email: michelle.reynolds@akerman.com
Tiffany D. Hendricks (Florida Bar No. 124129)
Primary Email: tiffany.hendricks@akerman.com
Secondary Email: jill.parnes@akerman.com
AKERMAN LLP
777 South Flagler Drive, Ste. 1100 West Tower
West Palm Beach, FL 33401
Phone: (561) 653-5000
Fax: (561) 659-6313

*Attorneys for Defendant*

4

55876992;1

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50-2020-CA-013502-XXXX-MB

ENRIQUE C. CASTRO,

Plaintiff,

v.

TPUSA-FHCS, INC.,

Defendant.

_____/

**AGREED ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

THIS CAUSE came before the Court on Defendant's Unopposed Motion for Enlargement of Time to Respond to Plaintiff's Complaint (the "Motion"). The Court having considered the Motion, the fact that it is unopposed, and being otherwise fully advised in the premises, it is hereby:

**ORDERED** and **ADJUDGED** that the Motion is GRANTED. Defendant shall respond to Plaintiff's Complaint on or before Monday, January 25, 2021.

**DONE AND ORDERED** in Palm Beach County, Florida.

50-2020-CA-013502-XXXX-MB    01/04/2021
Howard K. Coates, Jr
Judge

**COPIES TO:**

ERIC A. GORDON  777 S FLAGLER DRIVE
SUITE 1100 - WEST TOWER
WEST PALM BEACH, FL 33401

ERIC.GORDON@AKERMAN.COM
michelle.reynolds@akerman.com
danielle.putnam@akerman.com

Page **1** of **2**

Case No. 50-2020-CA-013502-XXXX-MB

| | |
|---|---|
| JASON S. REMER 44 W FLAGLER ST SUITE 2200 MIAMI, FL 33130 | JREMER@RGPATTORNEYS.COM<br>ng@rgpattorneys.com<br>pn@rgpattorneys.com |



NOT A CERTIFIED COPY

Page **2** of **2**